UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PREMIUM VALLEY PRODUCE, INC., a corporation; C & G FARMS, INC., a corporation; and MANN PACKING CO., INC., a corporation,<br><br>Plaintiffs,<br>vs.<br><br>HAYES PRODUCE MARKETING, LP, a limited partnership; HAYES PRODUCE MARKETING, LLC, a limited liability company; and TIMOTHY J. HAYES, an individual,<br><br>Defendants. | Case No. C-13-03658<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>[Re Dkt. No. 3] |

Plaintiffs move for a temporary restraining order under Rule 65 for violation of the Perishable Agricultural Commodities Act of 1930 ("PACA"). 7 U.S.C. § 499 et seq. The court finds that plaintiffs are sellers of perishable agricultural commodities and are beneficiaries of a statutory trust under the PACA. Defendant has failed to make full payment of $84,988.69 to plaintiffs for the purchase of perishable agricultural commodities. After acknowledging the debt owed to plaintiffs, defendant has failed to make payments and is no longer responding to phone calls, strongly suggesting financial

1

1 instability and failure to establish a PACA trust for the protection of plaintiffs as required
2 by law.  Thus, the court finds that the dissipation of funds is likely, which would cause
3 plaintiffs irreparable harm.

4      Plaintiffs have attempted to provide notice to defendant by leaving him voice
5 messages, emailing and faxing him a letter summarizing the motions, and mailing him
6 copies of all of the documents via FedEx overnight delivery to both his home and
7 business address.

8      THEREFORE, IT IS HEREBY ORDERED that defendants appear in Courtroom
9 6 of the U.S. District Court for the Northern District of California, San Jose Division
10 located at 280 South 1st Street, San Jose, CA 95113 on August 19, 2013, at 9 a.m., then
11 and there to show cause, if any they have, why they, their agents, bankers, subsidiaries,
12 successors, assignees, principals, employees, attorneys, and representatives should not be
13 restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule
14 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing
15 directly and indirectly, any and all of the following acts:

16     A.    Removing, withdrawing, transferring, assigning or selling to any other
17 person or entity, the proceeds from the sales of any or all existing or future inventories of
18 food or other products derived from perishable (including frozen) agricultural
19 commodities, and/or receipts of payment for products sold prior to the date of this order
20 and/or otherwise disposing of assets, books or funds;

21     B.    Taking any other action whatsoever which causes, has the effect of causing,
22 or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the
23 Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

24     C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)
25 through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

26      IT IS FURTHER ORDERED that Defendants, their owners, officers, directors,
27 agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons
28 acting in concert with them, appear at the same time and place to show cause, if any they

1 have, why they should not be commanded by order of this Court and required to
2 distribute PACA trust assets in the amount of at least $84,988.69, the amount of the
3 PACA Trust principal owing to Plaintiffs, plus finance charges accrued through August
4 7, 2013, in the amount of $1,509.75, plus reasonable attorney's fees to C & G in the
5 amount of $980.72,  plus filing fees of $400.00, making in all the sum of $87,879.16 due
6 as of the date hereof.

7 IT IS FURTHER ORDERED that pending the hearing and determination of the
8 foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,
9 successors, assignees, principals, attorneys, and persons acting in concert with them shall
10 be and hereby are prevented from transferring, withdrawing or in any other manner
11 removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,
12 including funds on deposit in banking accounts held by or on behalf of Defendants, from
13 Defendants' banking accounts, including but not limited to Defendants' accounts held at
14 Pacific Valley Bank, 422 Main Street, Salinas, CA  93901, including but not limited to
15 account number 0215004052, and any other accounts subsequently discovered to be
16 standing in any Defendants' names.

17 IT IS FURTHER ORDERED that pending the hearing and determination of the
18 foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,
19 agents, or representatives, shall be temporarily restrained from engaging in, committing,
20 or performing directly and indirectly, any and all of the following acts:

21 D. Removing, withdrawing, transferring, assigning or selling to any other
22 person or entity, the proceeds from the sales of any or all existing or future inventories of
23 food or other products derived from perishable agricultural commodities, and/or receipts
24 of payment for products or crops sold prior to the date of this order and/or otherwise
25 disposing of assets, books or funds;

26 E. Taking any other action whatsoever which causes, has the effect of causing,
27 or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

28

1       F.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

      IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

      G.      Immediately account to the Court and Plaintiffs for all assets of the PACA trust for the two years immediately preceding the date of this Order.

      H.      Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for sale and collection until Plaintiffs are fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard.  Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

      I.      Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth above.  Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

      J.      File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

1   IT IS FURTHER ORDERED that pending the hearing and determination of the
2 foregoing Order to Show Cause, and continuing thereafter, unless otherwise modified by
3 the court, Plaintiffs and their counsel, agents, or representatives, shall have full and
4 complete and continuing access to all of Defendants' books and records upon at least 48
5 hours advance notice, which shall include but not necessarily be limited to, Defendants'
6 accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank
7 statements and canceled checks, relating to Defendants' business and personal financial
8 status of Defendants' business activities from 2 years prior to the date of this order
9 forward for the purpose of verifying Defendants' accountings required by this Order and
10 for enforcement of this Order.  Defendants shall, upon 48 hours notice by Plaintiffs'
11 counsel, allow inspection and copying of the books and records of said Defendants by
12 Plaintiffs or its representatives at Defendants' place of business.

13   IT IS FURTHER ORDERED unless otherwise ordered by this court that pending
14 the hearing and determination of the foregoing Order to Show Cause, and continuing
15 thereafter, Plaintiffs shall be entitled to depose, under oath, at reasonable times and
16 places, upon at least 48 hours notice, Defendants and/or Defendants' other principals,
17 owners, directors, officers, shareholders, employees, agents and accountants concerning
18 any matter pertaining to any accounting due pursuant to this Order, any books or records
19 which Plaintiffs are entitled to inspect under this Order, the trust assets or any of
20 Defendants' business assets, and/or Defendants' business practices, procedures or
21 operations from two years prior to the date of this order.

22   IT IS FURTHER ORDERED that Pacific Valley Bank release information about
23 the above-described accounts including the amounts contained in the accounts.

24   IT IS FURTHER ORDERED that under the circumstances of this case, no bond
25 shall be required to be posted by Plaintiffs before the Temporary Restraining Order is
26 effective.

27   IT IS FURTHER ORDERED that Plaintiffs shall personally serve Defendants
28 with copies of this Order and all pleadings and other papers in support of the Order on or

5

1 before August 12, 2013.  Defendants shall file an Opposition, if any, to the Order to
2 Show Cause on or before August 14, 2013, and shall personally serve Plaintiffs' counsel
3 with a copy of said Opposition by said deadline.  Plaintiffs shall file and serve a Reply to
4 Defendants' Opposition, if any, on or before noon on August 16, 2013.

7 DATED:  August 8, 2013 at 5 p.m.          *Ronald M. Whyte*
                                            Ronald M. Whyte
8                                           U.S. DISTRICT COURT JUDGE